IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CARL DOUGLAS NECAISE, #91508**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO.: 1:11cv465-LG-JMR**

**RON KING, Superintendent**  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THIS COURT are [1] the Petition for writ of *habeas corpus* filed by Carl Douglas Necaise [Necaise] pursuant to Title 28, United States Code, Section 2254, and the Respondent's [18] motion to dismiss the Petition as moot. Upon review and consideration of the pleadings, records on file and relevant legal authority, the Court recommends that Respondent's Motion to Dismiss [18] should be granted, and that the Petition [1] should be denied.

## FACTS AND PROCEDURAL HISTORY

Necaise filed his *habeas* petition on December 6, 2011, challenging the revocation of his supervised release privileges for "frequenting a casino" because he contends that by doing so he was not violating the terms of his supervised release. [3, p. 2] Specifically, Necaise challenged the validity of his sentence upon revocation.

On December 2, 2002, Petitioner pled guilty to the crime of touching a child for lustful purposes in the Circuit Court of Harrison County, Mississippi. On December 4, 2002, he was sentenced to twelve (12) years in the custody of the Mississippi Department of Corrections [MDOC], with nine (9) of those years suspended and three (3) years of post-release supervision. [18-1, 18-2.] On November 7, 2007, Necaise's probation was revoked, on the grounds that Necaise had entered a casino, was consuming alcoholic beverages at the casino and had spent $27,000 at the casino. [18-3.] At that time, his sentence was modified to nine years in the custody of MDOC, with seven years suspended, two years served in the MDOC and three years

of post-release supervision. [*Id*.] Necaise filed a motion to reconsider which the Harrison County Circuit Court denied, and Necaise filed a subsequent motion for post-conviction relief which was also denied. Necaise appealed that decision, arguing as he does in his *habeas* petition, that his post-release supervision was unlawfully revoked because his conditions of release did not prohibit him from visiting casinos; because he was not consuming alcoholic beverages at the casino; and because, according to Necaise, his friends used his player's card at the casino to gamble. *Necaise v. State*, No. 2009-CP-01710-COA (Miss. 2011.) The Mississippi Court of Appeal affirmed in part and reversed in part the findings of the Circuit Court. (*Id*.) According to MDOC records, Necaise was discharged from prison and remanded to the supervision of the Mississippi Probation and Parole Board to complete the suspended portion of his sentence on September 25, 2009. [18-4.] On May 21, 2010, his post-release supervision was revoked and he was again incarcerated in the MDOC to serve the remainder of his nine year sentence. [18-5.]

On April 18, 2012, Respondent filed a motion to dismiss the *habeas* petition as moot, noting that on September 25, 2009, Necaise was released from State custody upon the completion of the sentence complained of in the Petition. [18-4] On May 9, 2012, Petitioner filed his response to the motion to dismiss. [19] Necaise contends that the revocation of his sentence in 2007 was in error for various reasons. [19.]

## LAW AND ANALYSIS

Under 28 U.S.C. § 2254(a), the United States District Courts have jurisdiction to entertain petitions for *habeas* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." Therefore, in order for this court to have jurisdiction over Necaise's *habeas* petition, Necaise must have been " 'in custody' under the conviction or sentence under attack at the time his petition [was] filed." *Maleng v. Cook,* 490 U.S. 488, 490–1 (1989). He was not. Scrutiny of the materials before this court reveals that

although Necaise is currently "in custody," the revocation proceeding Necaise questions took place on November 7, 2007. [18-3.]

Since the Petitioner has been released from the prison term complained of in his petition, this case does not present a case or controversy as required for judicial review under Article III of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Thompson v. Collins*, 981 F.2d 259, 261 (5th Cir. 1993). Although Petitioner satisfied § 2254's custody requirement by filing his petition in this case while under the prison term complained of, this case became moot when Petitioner was released from prison on September 25, 2009. [18-4.] The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended [probation revocation] - some 'collateral consequence' of the [revocation] - must exist if the suit is to be maintained." *Spencer,* 523 U.S. at 7 (holding that the collateral consequences of a parole revocation were insufficient to create a case or controversy after the petitioner was released from that revocation). "The petitioner has the burden to establish this injury, and if he fails to satisfy his burden the petition must be dismissed for lack of jurisdiction." *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999). Because Necaise has completed the entire sentence imposed for his probation revocation, there is no case or controversy before this Court. *See Spencer*, 523 U.S. at 7, 14-18; *Clark*, 193 F.3d at 847-8.

## CONCLUSION

The Petitioner has not shown that the probation revocation on November 7, 2007, continues to injure him after the date of his release on September 25, 2009. Because there is no continuing injury stemming from the incarceration complained of in the petition, this matter does not satisfy Article III's case or controversy requirement, and this Court lacks jurisdiction to hear this case. Accordingly, it is the recommendation of this Court that the Motion to Dismiss [18] be granted and the Petition [1] denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation by no later than July 13, 2012, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. A party who fails to timely file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THIS the 29th day of June, 2012.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE