IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CARL DOUGLAS NECAISE  #91508**                                              **PETITIONER**

v.                                                    Civil Action No. 1:11cv465-LG-JMR

**RON KING**                                                                     **RESPONDENT**

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND DISMISSING PETITION

**BEFORE THE COURT** is the Report and Recommendations [22] entered by Chief United States Magistrate Judge John M. Roper, Sr. on June 29, 2012.  Judge Roper recommends that the Motion to Dismiss [18] be granted, and the petition for writ of habeas corpus [1] be dismissed because Petitioner has not shown that the probation revocation on November 7, 2007, continues to injure him after his date of release. Therefore, this matter does not satisfy Article III's case or controversy requirement and this Court lacks jurisdiction to hear this case.

PROCEDURAL HISTORY

Necaise pled guilty to the crime of touching a child for lustful purposes and was sentenced to serve a term of twelve (12) years in the custody of the Mississippi Department of Corrections ("M.D.O.C.") with nine (9) of those years suspended and three (3) years of post-release supervision.  On November 7, 2007, Necaise's probation was revoked for "frequenting a casino" and he was sentenced to serve a term of nine (9) years, with seven (7) suspended and two (2) to serve in the custody of M.D.O.C. Necaise was discharged from prison upon the completion of this sentence and was

remanded to the supervision of the Mississippi Probation and Parole Board to complete the suspended portion of his sentence on September 25, 2009. On May 21, 2010, his post-release supervision was revoked on a new charge and he was incarcerated again in the MDOC to serve the remainder of his nine year sentence. Although Necaise was released from State custody upon the completion of the sentence complained of in the Petition, he is in custody for a different violation and continues to dispute his November 2007 probation revocation.[1]

The Magistrate Judge found that since Necaise has been released from the prison term complained of in his petition, this case does not present a case or controversy as required for judicial review under Article III of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Thompson v. Collins*, 981 F.2d 259, 261 (5th Cir. 1993). The case or controversy requirement demands that "some concrete and continuing injury other than the now ended [probation revocation] - some 'collateral consequence' of the [revocation] - must exist if the suit

---

[1]

Petitioner's general objections to the proposed findings of fact and conclusions of law reads as follows:
1) Petitioner's Due Process rights were very violated in November 2007 at his probation revocation hearing.
2) Petitioner's post-conviction appeal was denied solely because of a waiver of supervision fees. Petitioner did not mislead the Circuit Court regarding his inability to pay his supervision fees.
3) Petitioner's post-release supervision was unlawfully revoked for entering a casino and consuming an alcoholic beverage.
4) Petitioner's post release supervision was unlawfully revoked because:
    a) His conditions did not prohibit his from visiting casinos.
    b) He was drinking non-alcoholic beer at the casino.
    c) He and his friends, not just him, used his player's card to gamble. The vice president of the casino cannot verify he was spending money at the casino. He will take a lie detector test and pay for it to prove it.

is to be maintained." *Spencer,* 523 U.S. at 7 (holding that the collateral consequences of a parole revocation were insufficient to create a case or controversy after the petitioner was released from that revocation).

## THE STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner simply re-states arguments contained in the original petition in his Motion for Writ of Mandamus [27].

Where no party has objected to the Magistrate Judge's proposed findings of fact and recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only satisfy itself that there is no clear error on the face of the record. *Douglass v. United Serv. Auto Ass'n*, 79 F.3d

1415, 1420 (5th Cir. 1996).

## DISCUSSION

Necaise was notified that he had fourteen days to respond to the Report and Recommendation [22]. Necaise received an extension of time to file his objections, but did not file proper or timely objections. Instead, he filed his objections contained in his Motion for Writ of Mandamus [27].

Necaise's objections are repetitive and do not address the issues contained in the Report and Recommendation [22]. Generally, Necaise complains that his post-release supervision was unlawfully revoked in 2007. He does not object to any factual findings or conclusions of the Magistrate Judge. Specifically, he does not address the Magistrate Judge's finding that he is in custody for a different violation than the one he challenges in his habeas petition. Necaise's objections are considered general objections, which have the same effect as failure to object. *Battle*, 834 F.2d at 421; *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mich. 2004).

In these circumstances, the Court must only review the relevant portion of the Proposed Findings of Fact and Recommendation to decide whether the analysis and conclusions are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court finds that Judge Roper's Report and Recommendations is neither clearly erroneous nor contrary to law. Therefore, the Court finds that the Report and Recommendations entered by Chief United States Magistrate Judge John M. Roper,

Sr. should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [22] entered by Chief United States Magistrate Judge John M. Roper, Sr. be, and the same hereby is, **ADOPTED** as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are **DISMISSED AS MOOT**, Petitioner's Application for Writ of Habeas Corpus is **DENIED,** and the Petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE